IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**RAHIEM BOLDEN**                                                                       **PETITIONER**
*REG #72623-054*

**V.**                            **CASE NO. 2:23-cv-00078-KGB-JTK**

**C EDGE**                                                                              **RESPONDENT**

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This Recommendation for dismissal has been sent to Chief Judge Kristine G. Baker. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

I.   **Introduction**

On March 30, 2023, Rahiem Bolden, an inmate in the Federal Correctional Institution of the Bureau of Prisons ("BOP"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1) In the petition, Mr. Bolden challenges the manner in which the BOP calculated his sentence. Specifically, he argues that he was improperly denied jail credits and his release dates were improperly calculated.

On June 29, 2023, Respondent filed a response to Mr. Bolden's petition, stating that Mr. Bolden was not entitled to the jail credits he sought and, as such, his petition should be dismissed.

(Doc. No 4)

On January 9, 2024, Respondent filed a Motion to Dismiss the petition as moot or, alternatively, for failure to prosecute. (Doc. No. 6) In the motion, Respondent states that Mr. Bolden was released from BOP custody on August 22, 2023. Additionally, Respondent states that Mr. Bolden has failed to notify the Clerk of any change in address, as required by Local Rule 5.5(c)(2).

Pursuant to 28 U.S.C. § 2241, a writ of habeas corpus shall not extend to a prisoner unless he is "in custody." *See Copley v. Keohane*, 150 F.3d 827, 829 (8th Cir. 1998) (when a prisoner is no longer in custody, there is no entity the Court can order to effect release, therefore petitioner's § 2241 petition is moot); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody. . . "); *Ku S. v. Secretary, Dep't. of Homeland Security*, 2020 WL 8083657, *2 (D. Minn. Dec. 15, 2020) ("When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances … and a federal court can no longer grant effective relief,' the case is considered moot.") (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)).

The United States Supreme Court has held that the only proper respondent in a § 2241 petition is the inmate's custodian—i.e., the warden of the facility where the prisoner is confined. *See Rumslfield v. Padilla*, 542 U.S. 426, 434-35 (2004) ("We summed up the plain language of the habeas statute over 100 years ago in this way: '[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.'") (emphasis in original) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)).

Mr. Bolden was released from custody on August 22, 2023. As such, he is not entitled to relief under § 2241 because his release has rendered the petition moot. Additionally, the Court concludes that the petition should be dismissed for failure to comply with Local Rule 5.5(c)(2). *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

## II.    III.    Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rule Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Mr. Bolden has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Rodriguez has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## III.    Conclusion

For the reasons set forth above, IT IS RECOMMENDED that Respondent's Motion to Dismiss (Doc. No. 6) be GRANTED and the Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed with prejudice.

DATED THIS 28th day of August, 2024.

_____
UNITED STATES MAGISTRATE JUDGE